20-2821(L)
Hernandez-Lopez v. Garland
BIA
Poczter, IJ
A209 222 330/209 217 375

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:
    GUIDO CALABRESI,
    ROBERT D. SACK,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*
_____

KEVIN JONATHAN HERNANDEZ-LOPEZ, TELMA ELIZABETH LOPEZ-BARRIOS,

        *Petitioners*,

        v.                                                    20-2821(L),
                                                              20-2823(Con)
                                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

        *Respondent*.

_____

**FOR PETITIONERS:**   Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**   Brian Boynton, Acting Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED**.

Kevin Jonathan Hernandez-Lopez and his mother, Telma Elizabeth Lopez-Barrios, natives and citizens of Guatemala, petition for review of July 28, 2020 decisions of the BIA affirming a September 11, 2018 decision of an Immigration Judge ("IJ") denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  *In re Kevin Jonathan Hernandez-Lopez, Telma Elizabeth Lopez-Barrios*, Nos. A209 222 330/209 217 375 (B.I.A. July 28, 2020), *aff'g* Nos. A209 222 330/209 217 375 (Immigr.

---

[1] In this summary order, we primarily refer to Ms. Lopez-Barrios because her son's claims are based on the same facts as hers.

Ct. N.Y.C. Sept. 11, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on petition for review.

We have reviewed both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the Agency's factual findings for substantial evidence, and we treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B). We likewise review the Agency's nexus determination for substantial evidence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006). We review questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).[2]

An applicant for asylum and withholding of removal must establish past persecution, or a fear of future persecution, with a nexus to a protected ground of

---

[2] We note that in general, we lack jurisdiction over petitions, such as Ms. Lopez-Barrios's, seeking review of a decision to deny withholding of removal and CAT relief following reinstatement of a prior order of removal when the petition is filed more than thirty days from the reinstatement decision. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 183–84 (2d Cir. 2022). Because the Agency heard Ms. Lopez-Barrios's case with her son's, in which it did enter a final order of removal that we have jurisdiction to review, these petitions raise a question of whether – in light of the cases' being heard together – we have jurisdiction to review all claims, including Ms. Lopez-Barrios's, or only the claims over which we would ordinarily have jurisdiction if the Agency had not heard the cases together. We need not decide this question, and instead "assume hypothetical jurisdiction" and dispose of the petitions on the merits. *Butcher v. Wendt*, 975 F.3d 236, 242–43 (2d Cir. 2020) (citation omitted).

"race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3); 8 C.F.R. §§ 1208.13(b), 1208.16(b). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). Ms. Lopez-Barrios's proposed particular social group, "female landowners who refuse and resist local gang extortion," Lopez-Barrios Br. at 16, is not cognizable because it is defined solely on the basis of the alleged persecution, *See Paloka*, 762 F.3d at 196 ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (B.I.A. 2014)).

Moreover, Ms. Lopez-Barrios did not establish that her membership in that putative group was "at least one central reason" that she suffered or feared persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i) (providing "one[-]central[-]reason" nexus standard for asylum); *see Quituizaca v. Garland*, 52 F.4th 103, 105–06, 107–14 (2d Cir. 2022) (holding that "one[-]central[-]reason" standard applies to

withholding of removal); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial" (emphasis in original)). Ms. Lopez-Barrios testified that she did not know why the men who threatened her chose to pressure her to grow marijuana, other than that there was abandoned land near where she was living. But harm that stems from general criminal motives is not a basis for asylum or withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (holding that "act[s] of random violence" and "general crime conditions" are not protected grounds); *see also Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' . . . .").

Finally, substantial evidence supports the Agency's denial of CAT protection because Ms. Lopez-Barrios did not establish that she or her son were "more likely than not" to "be tortured," 8 C.F.R. § 1208.16(c)(2), or that "government officials [would] know of or remain willfully blind to an act" of torture, *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). She did not allege past torture or show that she and her son could not relocate within Guatemala to

avoid harm, as the threats against them were tied to specific land next to the house they had been living in; the country-conditions evidence of general crime and violence in Guatemala was insufficient to meet their burden. *See* 8 C.F.R. § 1208.16(c)(2)–(3); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring applicant to "establish[] that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the [A]gency's challenged decision.").

For the foregoing reasons, the petitions for review are **DENIED**. All pending motions and applications are DENIED and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6